# SUPREME COURT OF THE UNITED STATES

No. 07–343

PATRICK KENNEDY, PETITIONER *v.* LOUISIANA

ON PETITION FOR REHEARING

[October 1, 2008]

Statement of JUSTICE SCALIA, with whom THE CHIEF JUSTICE joins, respecting the denial of rehearing.

Respondent has moved for rehearing of this case because there has come to light a federal statute enacted in 2006 permitting the death sentence under the Uniform Code of Military Justice for rape of a minor. See Pub L. 109–163, §552(b)(1), 119 Stat. 3263. This provision was not cited by either party, nor by any of the numerous *amici* in the case; it was first brought to the Court's attention after the opinion had issued, in a letter signed by 85 Members of Congress. Respondent asserts that rehearing is justified because this statute calls into question the majority opinion's conclusion that there is a national consensus against capital punishment for rape of a child.

I am voting against the petition for rehearing because the views of the American people on the death penalty for child rape were, to tell the truth, irrelevant to the majority's decision in this case. The majority opinion, after an unpersuasive attempt to show that a consensus against the penalty existed, in the end came down to this: "[T]he Constitution contemplates that in the end our own judgment will be brought to bear on the question of the acceptability of the death penalty under the Eighth Amendment." *Ante,* at \_\_\_ (slip op., at 24). Of course the Constitution contemplates no such thing; the proposed

Eighth Amendment would have been laughed to scorn if it had read "no criminal penalty shall be imposed which the Supreme Court deems unacceptable." But that is what the majority opinion said, and there is no reason to believe that absence of a national consensus would provoke second thoughts.

While the new evidence of American opinion is ultimately irrelevant to the majority's decision, let there be no doubt that it utterly destroys the majority's claim to be discerning a national consensus and not just giving effect to the majority's own preference. As noted in the letter from Members of Congress, the bill providing the death penalty for child rape passed the Senate 95–0; it passed the House 374–41, with the votes of a majority of each State's delegation; and was signed by the President. JUSTICE KENNEDY's statement posits two reasons why this act by Congress proves nothing about the national consensus regarding permissible penalties for child rape. First, it claims the statute merely "reclassif[ied]" the offense of child rape. *Ante*, at 2. But the law did more than that; it specifically *established* (as it would have to do) the penalty for the *new offense* of child rape—and that penalty was death: "For an offense under subsection (a) (rape) or subsection (b) (rape of a child), *death or such other punishment as a court-martial may direct*." §552(b)(1), 119 Stat. 3263 (emphasis added). By separate executive order, the President later expressly reauthorized the death penalty as a punishment for child rape. Exec. Order No. 13447, 72 Fed. Reg. 56214 (2007). Based on these acts, there is infinitely more reason to think that Congress and the President made a judgment regarding the appropriateness of the death penalty for child rape than there is to think that the many *non*-enacting state legislatures upon which the majority relies did so—especially since it was widely believed that *Coker* took the capital-punishment option off the table. See *Coker* v. *Georgia*, 433 U. S. 584 (1977).

Second, JUSTICE KENNEDY speculates that the Eighth Amendment may permit subjecting a member of the military to a means of punishment that would be cruel and unusual if inflicted upon a civilian for the same crime. That is perhaps so where the fact of the malefactor's membership in the Armed Forces makes the offense more grievous. One can imagine, for example, a social judgment that treason by a military officer who has sworn to defend his country deserves the death penalty even though treason by a civilian does not. (That is not the social judgment our society has made, see 18 U. S. C. §2381, but one can imagine it.) It is difficult to imagine, however, how rape of a child could sometimes be deserving of death for a soldier but never for a civilian.